UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANTHONY F.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

CASE NO. C25-5584-BAT

**ORDER AFFIRMING THE COMMISSIONER'S DECISION AND DISMISSING THE CASE WITH PREJUDICE**

Plaintiff appeals the denial of his application for Supplemental Security Income. He contends the ALJ harmfully erred because (1) additional evidence that post-dated the decision submitted to the Appeals Council established plaintiff's need for a cane due to severe KL4 level osteoarthritis of the knees (end-stage osteoarthritis); and (2) the additional evidence meant that the ALJ did not state sufficient reasons to reject his symptom testimony. Dkt.13. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

**BACKGROUND**

Plaintiff is currently 53 years old, has a tenth-grade education, and has no past relevant work. Tr. 93. In July 2022, he applied for benefits, alleging disability as of over two decades ago on October 1, 2002. Tr. 221. His application was denied initially and on reconsideration. Tr.

ORDER AFFIRMING THE COMMISSIONER'S DECISION AND
DISMISSING THE CASE WITH PREJUDICE - 1

107–26. The ALJ conducted a hearing on March 21, 2024, and issued a decision on May 14, 2024. Tr. 31–43, 87–106. The ALJ found that plaintiff had not engaged in substantial gainful activity since an amended onset date of July 11, 2022. Tr. 33. The ALJ found that plaintiff has the severe impairments of left knee degenerative joint disease, bilateral congenital laterally positioned patella, and lumbar spine anterolisthesis and degenerative disc disease. *Id.* The ALJ determined that plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 35. The ALJ assessed plaintiff with the residual functional capacity ("RFC") to perform light work, except he is able, in addition to other physical limitations, to stand and/or walk for a total of two hours and is able to sit for a total of six hours in an eight-hour workday. Tr. 36. The ALJ noted that "the objective clinical findings and objective imaging findings do not support the medical necessity of an assistive device, including a cane." Tr. 39. The ALJ found that plaintiff could perform a number of jobs that exist in significant numbers in the national economy. Tr. 42. The ALJ thus found plaintiff not to be disabled from the amended onset date of disability through the date of the May 2024 decision. *Id.*

On appeal, plaintiff submitted medical treatment notes and a medical opinion from various dates between March and September 2024. Tr. 2; *see* Tr. 8–86. The Appeals Council found that "this evidence does not show a reasonable probability that it would change the outcome of the decision" and denied the request for review. Dkt. 1–2. The ALJ's decision is therefore the Commissioner's final decision.

## DISCUSSION

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record as a whole and the proper legal

ORDER AFFIRMING THE COMMISSIONER'S DECISION AND
DISMISSING THE CASE WITH PREJUDICE - 2

standards were applied. *Schneider v. Comm'r of the SSA*, 223 F.3d 968, 973 (9th Cir. 2000). Where the evidence is susceptible to more than one rational interpretation, the Court must uphold the Commissioner's interpretation. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff contends that x-ray imaging from September 2024 showing severe osteoarthritis of the knees and an August 2024 opinion by medical provider DNP Pratima Shrestha demonstrate that (1) plaintiff needed to use a cane for standing and walking and therefore was disabled if that limitation had been properly considered by the ALJ, and (2) in light of that evidence, the ALJ's did not cite specific, clear and convincing reasons for discounting plaintiff's symptom testimony about his knee limitations. Plaintiff's contentions are unpersuasive because the cited evidence, all of which post-dates the decision, does not undermine the ALJ's May 2024 conclusions for the relevant period: the September 2024 examination notes accompanying the x-ray results remark that plaintiff had a normal gait with no limp and no assisted devices, as well as 5/5 strength in the lower extremities with no hamstring or quadriceps weakness, Tr. 9–10; and DNP Shrestha opined that plaintiff's medical necessity for an assistive device began on July 12, 2024, Tr. 14.

**1. X-Ray Results and Medical Necessity of Assistive Device**

Although acknowledging that the x-ray scan was taken four months after the ALJ's decision, plaintiff argues that this objective evidence showed that he suffered from severe degenerative osteoarthritis that worsened throughout the period at issue. *See* Dkt. 14, at 4–5; Dkt. 16, at 1–2. Presuming this contention to be true does not render the ALJ's interpretation of the evidence to be unreasonable for the period of the amended alleged onset date of July 11, 2022, to the decision date of May 14, 2024.

ORDER AFFIRMING THE COMMISSIONER'S DECISION AND
DISMISSING THE CASE WITH PREJUDICE - 3

On September 17, 2024, Dr. P. Brodie Wood, M.D., obtained x-ray diagnostic imaging of the bilateral knee that showed "good preservation of the joint space remaining, but evidence of severe osteoarthritis in the patellofemoral joint consistent with KL4." Tr. 10. A Kelley and Lawrence grade 4 (severe) means large osteophytes, marked narrowing of joint space, severe sclerosis and definite deformity of bone ends. Kellgren J.H. & Lawrence J.S., "Radiological Assessment of Osteo-Arthrosis," *Ann Rheum Dis.* 1957;16(4):494–502. Moreover, plaintiff highlights Dr. Brodie's notation that "[o]n exam, the patient showed decreased range of motion, effusion, crepitus." Dkt. 13, at 5 (citing Tr. 10). Plaintiff contends that this x-ray evidence was critical: an October 2022 x-ray of the knees showed only moderate osteoarthritis, so the new evidence showed debilitating degeneration that must have occurred during the relevant period; moreover, it served as the logical bridge to DNP Shrestha's recommendation that it was a medical necessity for plaintiff to use a assistive device while standing/walking and thus plaintiff would be disabled according to the vocational expert's testimony. Dkt. 13, at 6 (citing Tr. 564–68). Plaintiff's argument is unpersuasive because it is not the only rational interpretation of the evidence and, even viewed in the most favorable way possible, establishes only that plaintiff had a medical necessity for an assistive device two months after the decision was issued.

First, Dr. Brodie's reference to plaintiff's symptoms related to osteoarthritis appear to be contradicted by his more detailed description of the physical examination on the same date. Dr. Brodie noted that plaintiff's gait was "[n]ormal" with "[n]o limp and ambulates with no assisted device"; his right knee had a range of motion of 3 to 125 degrees and his left knee had a range of motion of 3 to 130 degrees; both knees had no laxity or subluxation, good ligamentous stability, and were stable to varus, valgus, and AP testing; both knees showed "5/5 strength of the lower extremity in flexion and extension" and "[n]o hamstring or quadriceps weakness." Tr. 9–10.

ORDER AFFIRMING THE COMMISSIONER'S DECISION AND
DISMISSING THE CASE WITH PREJUDICE - 4

Second, although Dr. Brodie advised plaintiff "that a total knee arthroplasty would be the only potential fix for his current symptoms," he also "discussed conservative treatment options to include rest, activity modification, an NSAID regimen" and released plaintiff to "[f]ull activity as tolerated." Tr. 10. Third, the wide disparity between treatment modalities—from conservative pain and activity management with over-the-counter medications to knee replacement—appears best explained by the symptoms plaintiff *reported* (walking with an assistive device, joint stiffness, and joint swelling) versus the symptoms Dr. Brodie *observed* through physical examination (normal gait, no limp, no assistive device, 5/5 strength in the lower extremities, and stability in the knees). Fourth, and most importantly, nothing in Dr. Brodie's September 2024 opinion suggests that any aspect of the ALJ's interpretation of the evidence as of May 2024 was incorrect. That is, even presuming plaintiff's condition worsened, the submitted evidence does not demonstrate that debilitating degeneration occurred during the relevant period.

That the post-decision evidence supports rather than undermines the ALJ's analysis is found in DNP Shrestha's August 2024 opinion that plaintiff needs an assistive device for prolonged standing and walking. DNP Shrestha opined that plaintiff had a medical necessity to use an assistive device as of July 12, 2024. Tr. 14. This is consistent with plaintiff's testimony in the March 2024 hearing that he did not have a prescription for a cane but used an extra one lent to him by his cousin. Tr. 96. That DNP Shrestha opined that plaintiff needed to use a cane for standing and walking as of July 2024 does not undermine the ALJ's decision that plaintiff had not shown the medical necessity of using a cane as of May 2024.

The Court finds that plaintiff has failed to demonstrate that evidence of severe osteoarthritis and a prescription for a cane that post-date the ALJ's decision by months show that

ORDER AFFIRMING THE COMMISSIONER'S DECISION AND
DISMISSING THE CASE WITH PREJUDICE - 5

the ALJ's decision was unsupported by substantial evidence or that improper legal standards were applied.

### 2. Plaintiff's Testimony

Plaintiff argues that the ALJ, "[b]y no fault of his own," did not have access to post-decision evidence of plaintiff's end-stage osteoarthritis and that this rendered the ALJ's reasons for rejecting the medical necessity of a cane for standing and walking unsupported by substantial evidence. Dkt. 13, at 8. As discussed above, this contention is unpersuasive because even presuming that plaintiff suffered from severe osteoarthritis five months after the decision was issued, none of the evidence submitted to the Appeals Council calls into question the ALJ's interpretation of the evidence for the relevant period of inquiry.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 4th day of February, 2026.

_____

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER AFFIRMING THE COMMISSIONER'S DECISION AND
DISMISSING THE CASE WITH PREJUDICE - 6